## WEARE *v.* WEARE.

Construction given to a devise of land north of a certain line.

WRIT OF ENTRY for an undivided half of certain lands in Hampton Falls. Plea, disclaimer of a part, and the general issue

as to the remainder.    The plaintiff claims title under the following devise in the will of John Weare: "Fifthly. I give and devise to my son, Benjamin F. Weare, all the land in the upper field south

of a line commencing at the south side of the drive-way, and running parallel with the south row of apple-trees, four rods from the

trees, to a point opposite an old wall, thence parallel with the wall at the north end of the field. Also one undivided half of the woodland north of this line." The land demanded is claimed under the last clause. The accompanying diagram illustrates the premises and the claims of the parties.

There is about an acre of woodland, called the nursery, immediately north of and adjoining the great field, enclosed on the north, east, and west sides, but open on the south side next the great field. The forty acres, the west part of which is north of the east part of the great field, is cleared pasture-land at the north and south ends. Eight to ten acres on the east side are wood of old growth. About the same number of acres on the west side, and extending down to within a short distance of the field, are covered with a growth of young pine, woodland now, but twelve years ago, and before the will was made, pine shrubs, interspersed with grass. The middle of the tract north and south is cleared pasture. A lane extends northerly from the buildings to the forty acres, which has always been used as a pasture for the home farm of the testator, but for two or three years before his death was used as a sheep pasture only. A C B is the north line of that part of the great field devised to the plaintiff, upon which he resided, and upon which his farm buildings were located. The defendant is the son and heir of Jonathan Weare, now deceased, to whom the testator devised all his home farm not otherwise disposed of. The great field, the acre of woodland, and the forty acres were parts of the home farm. The tract of forty acres was not specifically devised, unless some or all of it was included in the clause of the will recited. The will was made October 17, 1868, and proved August 22, 1877.

The plaintiff claims the acre of woodland and the forty-acre tract. The defendant disclaims the acre of woodland, and claims that by the proper construction of the devise the plaintiff can take no part of the forty acres; or, if he can, he can only take what was woodland at the date of the will lying west of a line running due north from the easterly terminus of the plaintiff's great field line.

The court gave a construction to the devise, limiting the clause which conveys an undivided half of the woodland, etc., to the great field, and found that the plaintiff took only the acre of woodland which the defendant had disclaimed. A verdict was taken for the defendant, subject to the opinion of the whole court. If the construction given is not sustained, the question, what part, if any, of the forty acres is conveyed by the devise, is reserved.

*Wiggin & Fernald*, for the plaintiff, cited 1 Redf. Wills, *c.* 9, *ss.* 1, 4, 5, 7; Wms. Ex. 1085, and notes; G. L., *c.* 193, *ss.* 2, 4; *Loveren* v. *Lamprey*, 22 N. H. 434; *Perkins* v. *Mathes*, 49 N. H. 107; *Gale* v. *Drake*, 51 N. H. 78; *Cronin* v. *Richardson*, 8 Allen 423; *Canfield* v. *Bostwick*, 21 Conn. 550.

*Marston & Eastman,* for the defendant, cited 1 Redf. Wills., *ss.* 5–7; *Perkins* v. *Mathes,* 49 N. H. 107; *Gale* v. *Drake,* 51 N. H. 78.

SMITH, J. The testator evidently described the lands in the condition in which they were at the time of the making of his will, and not as they might be at the uncertain time of his decease. A will speaks from the death of the testator, and not from its date, unless its language, by fair construction, indicates the contrary intention. Redf. Wills (ed. 1864), *c.* 9, *s.* 1, *pp.* 379, 380. In this case the language of the will shows that the testator intended to describe the land as it was when the description was written.

The language of the will is, "Also one undivided half of the woodland north of this line." What woodland was intended? The only woodland north of this line was the acre on the north side of the great field, and about ten acres of old growth on the east side of the forty-acre piece. - The defendant's construction divides the field, and the wood-lot north of and immediately adjoining it, equally between the plaintiff and the defendant. The plaintiff's construction gives him under the name of woodland, north of a certain line that evidently refers to a line of the great field, a tract of land that was pasture, with too little wood to be called woodland, that was north of the field.

The word north may mean northerly, north-easterly, or north-westerly. Its meaning depends on the context. The context here shows that one half of the forty-acre pasture was not devised to the plaintiff. If the testator had intended otherwise, he probably would have expressed his intention by the use of some such expression as undivided half of the woodland in the pasture, or undivided half of the pasture, or undivided half of all the woodland in the home farm, or undivided half of all the woodland north of a given line. The acre answers accurately the description in the will, and is all we think the testator intended to devise to the plaintiff.

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.