THE STATE ex rel. W. H. MELVIN et al., Commissioner of J-H Special Road District of Harrison County, v. GEORGE E. HACKMANN, State Auditor.

In Banc, June 24, 1922.

1. **PUBLIC ROAD: Description: By Existing Name: Improvement.** Where the statute requires the petition, filed by the commissioners of a benefit special road district, for the improvement of a public road, to state "the points between which the improvement is desired," a petition asking for the improvement of a road already existing and known as Jefferson Highway, and beginning at the north boundary of a certain township and ending at the state

State ex rel. Melvin v. Hackmann.

line, sufficiently describes the road to be improved. The existing road, being a well known and marked highway of the county, is to be considered in the nature of a monument.

2. ——: ——: ——: Direction: North. Where the petition for the improvement of Jefferson Highway specifically calls for its then existing course, it is not bad because it describes the course as "north" from the northern line of a certain township, although it does not at all times run directly north. The word "north" in such circumstances should be construed to mean "northerly."

3. ——: ——: Land Owned by Signers. The petition for the improvement of a public highway is not insufficient because it does not describe the land owned by each signer and thereby show that such land is within the half-mile zone. The statute does not require the petition to contain such description, but ownership is one of the qualifications of a signer, and the question whether a signer was qualified is one of fact for the board or county court to determine.

4. ——: ——: Changes. Where the petition refers to Jefferson Highway as it existed at the time the petition for its improvement was filed, changes in the highway, whether made before or after the petition was filed, do not affect the sufficiency of the description, since such changes could not affect the character of the reference in the petition to the highway.

5. ——: ——: County Clerk's Notice. If the petition for the improvement of a highway filed with the county clerk sufficiently describes the highway, the public notice given by him in accordance therewith is likewise sufficient in its descriptions.

6. ——: Improvement: Protests: Due Process: Discrimination. The statute pertaining to benefit special road districts does not deny to owners of land outside the one-half mile zone due process of law, in that it confines their right to protest against the improvement to a showing that the "road cannot be improved," nor is there any such discrimination between such owners and the owners of land within the zone as denies them equal protection of the laws. The statute requires the county court, if it finds that the resident owners of a majority of the acres within one-half mile of the proposed improvement have filed protests, or if it finds reasons why the road cannot be improved and the costs charged against the lands in the district, to dismiss the petition; and the net difference is that owners of land within the half-mile zone may defeat the improvement by protesting, and the legal effect of such protests is to withdraw their signatures from the petition, and this is no more discriminatory than the provision

that a majority of the same owners may initiate the proceeding in the first instance.

7. ———: **Act of 1919: Title.** The title of the Act of 1919 (Laws 1919, p. 730) not only recites that its purpose is to repeal the Act of 1913 and all amendments thereto, but to "enact in lieu thereof twenty-four new sections relating to the organization of special road districts . . . and empowering such districts to improve highways within the district by bond issue or special assessment," and therefore does not confine the subject-matter of the act to the subjects embraced in the title of the Act of 1913. Every provision of the act is embraced in the title, nor are its provisions inconsistent with the title or contradictory of each other.

## Mandamus.

ALTERNATIVE WRIT MADE PEREMPTORY.

*J. C. Wilson* and *Bowersock & Fizzell* for relators.

(1) The act in question contains only one subject, and the same is clearly expressed in its title. Asel v. City of Jefferson, 229 S. W. 1046; State ex rel. Clark v. Gordon, 261 Mo. 631; State ex rel. v. Williams, 232 Mo. 56, 75; State v. Broadnax, 228 Mo. 25, 53; State ex rel. v. Vandiver, 222 Mo. 206, 219; State ex inf. v. Delmar Club, 200 Mo. 34, 56; O'Connor v. Transit Co., 198 Mo. 622, 633; State v. Doering, 194 Mo. 398, 408; Elting v. Hickman, 172 Mo. 237; State v. Bixman, 162 Mo. 1, 16; St. Louis v. Weitzel, 130 Mo. 600, 614; State ex rel. v. Dickason, 128 Mo. 427, 441; State ex rel. v. Bronson, 115 Mo. 271; State v. Morgan, 112 Mo. 202, 212; State ex rel. v. Miller, 100 Mo. 439; Ewing v. Hoblitzelle, 85 Mo. 64; State v. Miller, 45 Mo. 495. (2) The act is not unconstitutional because it permits only residents owning land within one-half mile of the road to be improved to initiate the improvement by petition, and to file written protest thereto, because any person interested in land in the district may be heard in opposition to the improvement, and the county court has the absolute right

to find that the road should not be improved, and to dismiss the petition. (3) The essential provisions of the act are not indefinite, incomplete, inconsistent or contradictory. (4) The petition praying for the improvement of the Jefferson Highway was sufficient.

*D. E. Adams, Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

(1) The petition for the improvement is insufficient to confer jurisdiction upon the special road district commissioners to proceed in the matter, because: (a) The road proposed to be improved is not described within the meaning of Section 10945; (b) the points between which the improvement is desired are not set forth in the manner and form sufficient to meet the requirements of the statute; (c) the nature and kind of improvements desired are not set forth; (d) nor is the description of the land owned by the respective signers of the petition shown, so that the petition would show on its face that the land represented by the petitioners was within the district. Sec. 10945, R. S. 1919; Williams v. Kirby, 169 Mo. 622; John v. Pendleton, 133 Pac. 817, 46 L. R. A. (N. S.) 990. (2) The notice given by the clerk of the county court for the same reason as offered to the petition, is insufficient to confer jurisdiction upon the county court. Williams v. Kirby, 169 Mo. 622; Rusk v. Thompson, 170 Mo. App. 76; Railway v. Young, 96 Mo. 39. (3) The provisions of Section 10945 and other sections of the same act which give the right to petition or protest, also the right to be heard in the matter, only to persons who are within the half-mile limit of the proposed road indicated for improvement, are contrary to the provisions of Section 1 of Article XIV of the Constitution of Missouri, for the reason that said provision is an attempt to deprive those persons outside of the half-mile limit of their property without due process of law, and deny to them the same protection of the laws

as is given to those persons who are within the half-mile limit. Laws 1919, p. 730; R. S. 1919, Secs. 10945, 10946; Embree v. Road District, 257 Mo. 610; State v. Baskowitz, 250 Mo. 82; McGee v. Walsh, 249 Mo. 289, 294; Gist v. Rackliffe-Gibson Const. Co., 224 Mo. 369; State ex rel. v. Taylor, 224 Mo. 393; Falbrook Irrigation Dist. v. Bradley, 164 U. S. 112, 175, 41 L. Ed. 369. (4) The Act of 1919, pages 730 to 747, is unconstitutional. It violates the provisions of Section 28 of Article IV, Constitution of Missouri; (a) because said bill contains more than one subject; (b) because the subject-matter of the act is not clearly expressed in the title thereto; (c) because the issuance of the bonds sought to be registered is not included in the title; and (d) because the essential provisions of the act are inconsistent and contradictory, in that Section 2 (Sec. 10937, R. S. 1919) authorizes the county court to incorporate special road districts, gives the districts "the usual powers of a public corporation, endows the commissioners of the district with the sole, exclusive and entire control of the roads, highways, bridges, etc., and in Section 11 (Sec. 10946, R. S. 1919) the powers of the commissioners are taken away from the commissioners and vested in the county court. State ex rel. St. Louis County v. Gordon, 268 Mo. 713. (5) The commissioners of a special road district constitute a tribunal of special and limited jurisdiction, and its jurisdiction must appear from the face of the record, and a failure to do so also fails to confer jurisdiction upon any other tribunal before which the matter may come. State ex rel. Hayes v. Ellison, 191 S. W. 49.

JAMES T. BLAIR, C. J.—Mandamus. This proceeding was begun to compel the State Auditor to register bonds issued by the "J-H Special Road District of Harrison County." With the consent of the court, respondent waived the formal issuance of the alternative writ and pleads to the petition therefor. The petition will, therefore, be treated and referred to as the alterna-

tive writ. The relators constitute the board of commissioners of the district.

It is alleged that Harrison County has adopted township organization, and that on October 1, 1919, and thirty days before the ensuing regular term, there was filed in the County Court of Harrison County a petition praying the organization of the "J-H Special Road District of Harrison County" under Article XIII of Chapter 98 of the Revised Statutes of Missouri of 1919, Sections 10937 to 10960, inclusive. The substantial allegations of this petition are set forth. It is further alleged that notice was given, and the details thereof are stated; that at the regular term in November, 1919, the county court heard the petition, found that it was in regular form and signed by the owners of a majority of the acres of land owned by residents of the county residing within the proposed district; found "that due notice of the filing of said petition and of the date of the hearing thereon had been given; that no remonstrance to said petition or to the formation of said proposed district" had been filed, and by "order duly made and entered by said court on said November 3, 1919, said court duly incorporated said J-H Special Road District." It is further alleged that on January 3, 1920, there was filed with the commissioners of the district a petition praying "that a certain public road located in said district, known as the Jefferson Highway, be permanently improved" and the expense thereof paid in accordance with statutory provisions. A copy is attached to the writ. The proceedings of the commissioners upon the petition are pleaded in detail. It is stated that the commissioners, as the statute requires, filed this petition with the County Clerk of Harrison County on March 15, 1921, together with a list of the lands affected and the approved plans and specifications for the improvement, an estimate of the cost of the work, and map and profile copy thereof; that the county clerk gave notice by publication of the filing of the petition, etc., with him and notice of the time when

the county court would hear protests, to-wit, April 5, 1921; that on April 4, 1921, protests were filed. These were heard on April 5, 1921, and at an adjourned hearing on April 12, 1921. The protests were overruled, and the court made the requisite findings and estimates, found the cost of the improvement would be $219,144.31, and ordered a special tax for this sum plus ten per cent for emergencies and assessed this against the lands in the district. This was ordered apportioned as directed by the statute. The tax was ordered to be paid in fifteen annual installments, and tax bills were issued. Litigation ensued and the first maturing tax bills were not paid. "Thereafter, to-wit, on ——, 1922, the County Court of Harrison County vacated, rescinded and set aside said order providing for the issuance of said special tax bills theretofore issued; that said special tax bills were duly canceled," and the court ordered the issuance of another series of tax bills for the same purpose, the first of which were to become due December 31, 1922. April 18, 1922, the commissioners of the district adopted a resolution, as authorized by the statute, providing for the issuance of special assessment bonds of the district in the aggregate sum of $60,000, each bond being of the denomination of $1,000, dated April 1, 1922, and to become due serially, $4,000 each year, on April 1, in the years 1923 to 1937, inclusive. The bonds are described in detail and also alleged to be in full compliance with the statute. These bonds were registered by the County Clerk of Harrison County. It is then alleged that these bonds, all in proper form, were presented to the State Auditor for registration; that it became and was his duty to register them, but he refused so to do; that an apportionment of Federal funds has been made to the district, which funds will not be available unless speedy determination of this case is made.

Respondent in his return avers that Sections 10937 to 10960, Revised Statutes 1919, are unconstitutional and void, (1) in that the title of the Act (Laws 1919, p. 730

et seq.) violates Section 28 of Article IV of the Constitution of Missouri; (2) because the act violates (a) Section 30 of Article II of the Constitution of Missouri, and (b) Section 1 of the Fourteenth Amendment of the Constitution of the United States, in stated particulars. It is further averred that the act is void because "the essential provisions thereof are indefinite, incomplete, inconsistent and contradictory" in several respects. Other averments are that the petition presented to the commissioners failed to confer jurisdiction to order the improvement, because it failed properly to locate the road to be improved, failed to state the nature and kind of improvement desired and failed to describe the lands of the respective owners; that the notice caused to be published by the county clerk was insufficient.

The parties have filed a brief stipulation concerning some of the relevant facts and the use of maps, plats, etc., filed in the case. Both parties treat the record in another case as before this court in this case.

I. Respondent contends that the petition for the improvement is insufficient to confer jurisdiction to proceed, because (1) it does not describe the road proposed to be improved; (2) the points between which the improvement is desired are not set forth sufficiently to comply with the statute; (3) the nature and kind of improvements desired are not set forth; (4) the petition does not show on its face that the land owned and represented by the petitioners is within the district.

(1) The petition for the improvement alleged that the petitioners were "the owners of the majority of the acres of land owned by residents of the County of Harrison in the State of Missouri, residing within the J-H Special Road District in said county and State, lying and being within one-half mile of the public road in said District, known as the Jefferson Highway" and prayed "that such road be permanently improved and the cost of the improvement be assessed against all the lands in said district. Said improvements to be made and con-

structed on said public road aforesaid beginning there-on at the north line of Bethany Township in said Harrison County, thence extending on and over said public road north thereon through Jefferson, Union, Marion and Colfax townships in said county to the line separating the State of Missouri from the State of Iowa, thence east along said state line on and over that part of said public road lying and being within the State of Missouri. Your petitioners further pray that there be a hard surface built upon said public road aforesaid. That all necessary grading, bridging and drainage be done; so that the same when completed will be a permanent improvement of said public road; and that the cost of said improvement be made payable in fifteen annual installments." To this were appended the names of the signers, and opposite the name of each was set the number of his acres of land.

Section 10945, Revised Statutes 1919, requires, among other things, that the petition for an improvement shall state "the points between which the improvement is desired." It is earnestly insisted, that the petition does not meet this requirement, and, therefore, did not confer jurisdiction upon the board. It is to be observed that the petition clearly asks the improvement of a road already existing and known as the "Jefferson Highway." It is this existing highway the improvement of which is sought. The point of beginning is upon the north boundary of Bethany Township, i. e. at the point on that boundary where the Jefferson Highway crosses it. The point of ending the improvement is at the point on the north boundary of the State where the Jefferson Highway ceases to run along the north boundary of Missouri, i. e. the point at which it leaves that north boundary and passes wholly into Iowa. It is quite clear the termini are fixed if the Jefferson Highway was an ascertained roadway. That highway is not incorporated in Missouri, if at all, nor is it designated as "Jefferson Highway" by any order of the county court or town-

ship boards of Harrison County. It is stipulated, however, that the "Jefferson Highway" passes over public roads and that it is "generally known by that name by the people of [the] vicinity through which the road in question passes." The pleadings, stipulations and briefs carry a necessary implication that the Jefferson Highway, as known by the people through whose communities it passes, runs over a route which would fill the description in the petition except, perhaps, in one particular subsequently to be considered. Section 10945 clearly contemplates that the route described in the petition is to be a tentative one. It is expressly provided that it may be modified or changed by the State Highway Engineer. Both parties rely upon the evidence in another case and bring it into this case by agreement. That evidence shows that the Jefferson Highway is a known and marked highway, which is well known in Harrison County as such, and is the only highway leading north from the north line of Bethany Township to the Iowa line. In these circumstances this highway takes its place as in the nature of a monument or established physical condition to which the petition refers and by which it fixes the beginning and ending of the proposed improvement. The point must be ruled against respondent.

(2) It is urged that since the road does not run at all times directly north from the north line of Bethany Township, the petition is bad and fails to confer jurisdiction. Jefferson Highway was a roadway at the time the petition was filed, and the petition specifically calls for its then existing course as the line of the proposed improvement. The word "north" as used in the petition ought not so to be construed as to deflect the line from the specially designated route. It may and should be construed to mean "northerly." The highway varies but little from a true north course in that part which is described as running north.

North for Northerly.

(3) It is said the petition is insufficient because it does not describe the land owned by each of the signers and show, thereby, that such land is within the half-mile zone. The statute (Sec. 10945) does not require the petition to contain such a description. Such ownership is one of the qualifications required of a signer of the petition, and the question whether the signers were qualified is one of fact for the board and county court to determine. [Secs. 10945, 10946, R. S. 1919.] The ultimate fact was alleged. The proof of it was doubtless made before the board or court took jurisdiction. In fact no question is made concerning this having been done.

*Ownership of Land.*

(4) It is said the Jefferson Highway has been changed in two places for short distances. The evidence relied upon does not show that these changes were made after the petition was filed. Even if it did, the petition referred to Jefferson Highway as it existed when the petition was filed. It is obvious that subsequent changes with or without authority of the district could not affect the character of the reference in the petition.

*Changes in Highway.*

(5) It is suggested, but not argued, that the petition does not set forth the "nature and kind of improvement desired." A reading of the petition seems to furnish an adequate answer to this suggestion.

*Nature of Improvement.*

II. It is argued that the notice given by the county clerk was insufficient "for the same reasons as offered to the petition," and failed to confer jurisdiction. For the same reasons given in the preceding paragraph respecting the petition, the notice must be held good as against these objections.

*Clerk's Description.*

III. It is argued that the statute deprives certain residents of the district of their property without due

process of law and denies them the equal protection of the law. The contention under this head seems to be that the statute is intended to deny all outside the zone of one-half mile on each side of the road the right to be "heard or considered in the proceeding to make permanent improvements." It is specifically conceded that there is no wrong done in confining to those living within one-half mile of the proposed improvement the right to initiate the proceedings for the improvement, but it is argued that the statute limits the right of protest of those living outside the half-mile zone to a showing that the "road *cannot* be so improved and the cost thereof charged against the land in the district," and that this is a denial of the right to be heard and is discriminatory, because, it is said, it confines those outside the half-mile zone to the objections that the "improvement is a physical or engineering impossibility." In Section 10945 it is provided that notice shall be given of a day on which the county court "will consider protests against such improvement and objections and exceptions to such petition and such list of lands and the valuation of therein indicated." In Section 10946 it is provided that: "Any one owning land within one-half mile of such public road or part of public road may, at any time before the day the court, as stated in such notice, is to consider protests, objections and exceptions, file with the clerk of the county court written protests against the improvements of said public road or part of public road. Such protest shall be signed by the party protesting and describe the land owned by him that is within one-half mile of said public road or part of public road, and the number of acres thereof; and any one interested in land in the district may show any reason there may be why such public road or part of public road cannot be improved and the cost thereof charged against the lands in the district." Upon consideration of the protests and objections, if the court shall find that resident owners of a majority of the acres

Due Process: Protest.

of land within one-half mile of the proposed improvement have filed protests, or if it finds reasons why the road cannot be improved and the costs charged against the lands in the district, the petition for the improvement shall be dismissed. The net difference is that, if otherwise qualified, the majority of the owners of the land within one-half mile of the road may defeat the proposed improvement by protesting against it. This simply means that by filing protests owners may, in legal effect, withdraw their signatures from the petition and leave the petition without the majority of signers requisite to sustain the proceeding. This is no more objectionable or discriminatory than the provision that a majority of the same signers may initiate the proceedings in the first instance; and respondent concedes this does not offend against the Constitutions.

IV. The title to the Act of 1919 is as follows: "An act to repeal an act of the Forty Seventh General Assembly entitled 'An act providing for the organization of special road districts in counties having and operating under township organization, and providing for the assessment of benefits, with an emergency clause,' approved March 25, 1913, found on page 751 of the Laws of Missouri, 1913, as amended by Laws of 1915 at pages 399 to 402, and all other amendments thereto, and to enact in lieu thereof twenty-four new sections relating to the organization of special road districts within the limits of one or more incorporated townships in counties now operating or which may hereafter operate under township organization and empowering such districts to improve highways within the district by bond issue or special assessment, with an emergency clause." [Laws 1919, p. 730.] The arguments under the assignment that the act is not within the title relate chiefly to other matters.

(1) Section 1 of the Act of 1919 (Laws 1919, p. 730) follows the title in its enacting portion, which reads;

"be and the same (the Act of 1913 and amendments) is hereby repealed and in lieu thereof the following twenty-four new sections relating to the same subject-matter be and the same are hereby enacted." It is argued that the words "the same subject-matter" refer to the Act of 1913 as amended and that, for a reason not expressly stated, this confines the present question to the title of the Act of 1919. It is then argued that since Section 2 of the Act of 1919 (Sec. 10937, R. S. 1919) authorizes the county court to establish special road districts, and Section 6 of the Act of 1919 (Sec. 10941, R. S. 1919) gives the district commissioners "sole, exclusive and entire control and jurisdiction over all public highways, bridges and culverts, and shall have all the power to, rights and authority conferred by law upon road overseers," and since Section 11 of the Act (Sec. 10946, R. S. 1919) authorizes the county court to alter valuations, determine costs and order a special tax, etc., the title does not cover the act and the act is so contradictory as to be void.

There can be no question about the title. Every provision of the act is within it. The rule is well settled and need not be restated. Nor is there any real inconsistency in the act. The county court organizes the district. With respect to Section 10946, it simply provides for certain things to be done by the county court in connection with the issuance of bonds for which the act provides in a way not in itself assailed by respondent. After the organization of the district, Section 10941 casts upon the district the actual district road work and management. We see no difficulty in harmonizing these provisions, and are of opinion that all are relevant to the subject expressed in the title.

The alternative writ is made peremptory. *Graves, Higbee, David E. Blair* and *Elder, JJ.,* concur; *Walker, J.,* concurs in the result.