Minna **WALDMANN** and Fred Waldmann, Respondents,

v.

Elsa **HOECHST** and Emil Hoechst, Appellants.

No. 56615.

Supreme Court of Missouri, Division No. 2.

Dec. 11, 1972.

Herman D. Olian, Norman A. Selner, Clayton, for respondents.

Flynn & Parker, Mark M. Wenner, St. Louis, for appellants.

STOCKARD, Commissioner.

Defendants have appealed from the judgment of the trial court in plaintiffs'

action to quiet title to certain real estate in St. Louis County.

In an effort to simplify a presentation of the facts, a tracing of a portion of plaintiffs' Exhibit No. 4 has been prepared on which letters and certain other information have been placed. Although this sketch is not an exhibit in the case, it is made a part of this opinion.

[A6817]

On the date of his death, August Beckemeier was the owner of the property shown on the sketch between the railroad and Olive Street Road located eastward of the Faust property, the westward boundary of the Beckemeier property being shown on the sketch by the line A-(a)-(b)-B.

In his last will and testament Mr. Beckemeier made the following bequest:

I give and devise to my daughter, Elsa Hoechst a tract of ground off the western part of the property where I now reside, described as follows:

Beginning at a point in the North line of Olive Street Road where the same is intersected by the East line of property of Faust; thence East along the North line of Olive Street Road 300 feet to a point; thence North and parallel with the East line of property of Faust to the South line of the right-of-way of the Chicago, Rock Island & Pacific Railroad; thence West along said South line to the East line of property of Faust; thence South along said East line to the point of beginning.

Subsequent to the probate of the will, a dispute arose between Hoechst and Minna Waldmann, to whom was devised the remainder of the property, as to the location of the eastward boundary line of the property devised to Elsa Hoechst. In plaintiff's suit to quiet title, the trial court decreed that said eastward property line is the dotted line shown on the sketch as C–D. We reverse and remand with directions.

Mr. Melvin Kristich, a registered land surveyor testified that in his professional opinion the easterly line of the property devised to Elsa Hoechst is the line on the above sketch designated as C–D. By its decree the trial court so held. This line is parallel with that part of the easterly property line of the Faust property designated on the sketch as (b)-B. But, the line does not extend "North" from point C, nor is it parallel with the line A-(a).

Mr. Herbert W. Ziercher, who drafted the will, testified that Mr. Beckemeier expressed to him the desire to devise to Elsa Hoechst a rectangular tract of land 300 feet in width and extending from the railroad to Olive Street Road.

■ We must determine the intent of the testator from the language of the will if possible, and must consider all words used in their ordinary sense and meaning. Price v. Gordon, 347 Mo. 354, 147 S.W.2d 609, 619. However, the will is to be read as near as may be from the testator's standpoint, and to this end, if need be, words may be supplied, omitted, or

changed. Boxley v. Easter, Mo., 319 S. W.2d 628, 632. We think it is reasonably clear, whether or not we consider the testimony of Mr. Ziercher, that the testator wanted to devise to Elsa Hoeschst a tract of land 300 feet in width off the western end of his property, and extending between the railroad on the northerly side and Olive Street Road on the southerly side. He may not have known that the eastern boundary line of the Faust property was not a straight line, but by permissible construction of the words used, we can carry out substantially his intent to have the devised tract to be 300 feet in width off the western part of his land, and to adjoin the Faust property.

The words north, south, east and west, when used without words which qualify their meaning, are generally held to refer to due north, due south, due east, and due west. Livingston Oil & Gas Co. v. Shasta Oil Co., Tex.Civil App., 114 S.W.2d 378, 381; Plaquemines Oil & Development Co. v. State, 208 La. 425, 23 So.2d 171. However, there are qualifying words in this case. No call in the description refers to a direction that is due north or due any other direction. The direction of north, south, east or west in each call is not intended to refer to that precise direction because each call refers to another method of locating the boundary which is fixed and can be determined.

For example, the call for the line shown on the sketch as A–C is "thence east *along the north line of Olive Street Road* 300 feet to a point," and the next call is "thence North *and parallel with the east line of the property of Faust*" to the South line of the railroad. Olive Street Road does not run due east, but the north line of said road can be located with precision. Also, a line parallel with the eastward line of the Faust property does not run due north, but such line can be located with precision. The words north, south, east and west in the description of the land devised to Elsa Hoechst must be read as northerly, southerly, easterly and westerly. State ex rel. Melvin, et al. v. Hackmann, 295 Mo. 14, 243 S.W. 337, 340; Weare v. Weare, 59 N.H. 293, 296; Martt v. McBrayer, 292 Ky. 479, 166 S.W.2d 823. When the description is so read, the eastward boundary of the property devised to Elsa Hoechst is the line shown on the sketch as C–E–F.

The judgment of the trial court is reversed and the cause remanded with directions to enter a judgment in conformity with the views here expressed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and MOSS, Special Judge, concur.